(134 So. 83)

## CUPPLES CO., MANUFACTURERS, v. BASKOWITZ.

No. 30505.

March 30, 1931.

George T. McSween, of Shreveport, for appellant.

David B. Samuel and Herndon & Herndon, all of Shreveport, for appellee.

BRUNOT, J.

This is an attachment suit, brought by a Missouri corporation against a resident of that state, for an alleged indebtedness of $3,203.72, the value of 956⅓ gross of twelve-ounce amber beer bottles. 15,799 gross of bottles, found in the possession of the defendant, were seized under the writ. After the seizure was levied, the defendant applied for and obtained, the plaintiff consenting thereto, the release of all of the property seized except 956⅓ gross of twelve-ounce bottles. Defendant then secured the release of these bottles, on bond, and thereafter moved to dissolve the attachment upon three grounds, viz.: that the relation of debtor and creditor did not exist between the plaintiff and defendant; that under the allegations of the petition no law authorized the attachment; and that the affidavit upon which the writ issued was not true. The motion concludes with a prayer for the dissolution of the attachment, with damages, as attorneys' fees,

in the sum of $500. The motion was tried, and there was judgment in favor of the mover dissolving the attachment, with damages in the sum of $350, with legal interest thereon from December 21, 1929, and canceling the release bond.

A motion for a new trial was filed, heard, and overruled, and plaintiff obtained the required order and perfected its appeal from the judgment.

The testimony as to the bona fides of defendant's purchase of the property here involved in conflicting, but the preponderance of the evidence is in favor of the defendant, at least to the degree of reasonable certainty.

The facts, conclusively proven, are as follows:

The Southern States Bottle Company sold to the plaintiff during the year 1928 956⅓ gross of twelve-ounce amber beverage bottles. The bottles were paid for and stacked in the vendor's plant. The bottles were labeled the property of the plaintiff, but, in the course of time, the labels were destroyed or removed from the stacks. These bottles, at a time not definitely fixed, were sold and delivered to the defendant by the Southern States Bottle Company. Prior to, during, and subsequent to, 1928, the defendant purchased bottles, in large quantities and of various kinds, including twelve-ounce amber beverage bottles, from the Southern States Bottle Company. He made advances to said company, in the form of trade certificates, for considerable amounts. His warehouse adjoined the manufacturing plant of the bottle company, and his purchases from that company, including the bottles involved in this suit, were delivered to him by its employees and stacked by them in his warehouse, where the bottles which were seized under the writ of attach-

ment sued out by the plaintiff were stacked when levied upon.

 The pertinent part of Civ. Code, art. 1922, is as follows:

"With respect to moveable effects. * * * If the vendor, being in possession, should, by a second contract, transfer the ownership of the property to another person, who gets the possession before the first obligee, the last transferee is considered as the owner, provided the contract be made on his part bona fide, and without notice of the former contract."

The decisive question in this case is whether or not the defendant acted without knowledge of the true situation and in good faith when he purchased and accepted delivery of the property involved in this suit. We have stated supra that the bona fides of that transaction is established by a preponderance of the evidence to the degree of reasonable certainty. This is all that the law requires. The burden in this case is upon the plaintiff who has alleged bad faith to prove it. In Gilmore v. Meeker, 115 La. 849, 40 So. 244, the court held:

"Where the onus of proof is on the plaintiff, and he fails to sustain it by a preponderance of the testimony, he must fail in his demand."

With reference to the court's award of $350 damages, as attorney's fees, we are of the opinion that the amount is not excessive, and that it was properly allowed.

Other incidental questions were raised in the lower court which we need not consider, for the reason that a ruling upon them would not affect our conclusion upon the decisive issue.

For the reasons stated, the judgment appealed from is affirmed, at appellant's cost.

The CHIEF JUSTICE does not take part.